# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
## AT HARRISBURG

| | | |
|---|---|---|
| HEIDI HANRECK AND | : | |
| RAYMOND ANDRAROWSKI | : | |
|    Plaintiffs | : | |
| | : | |
| v. | : | CASE NO. 1:16-CV-01163 |
| | : | |
| WINNEBAGO INDUSTRIES, INC. | : | |
|    Defendant | : | |

## DEFENDANT'S BRIEF IN SUPPORT OF MOTION FOR JUDGMENT AS A MATTER OF LAW, NEW TRIAL AND/OR REMITTITUR

Respectfully Submitted,

**PISANO LAW FIRM**

By: _/s/ Matthew T. Pisano_
Matthew T. Pisano, Esquire
Attorney for Defendant
Winnebago Industries, Inc.

Dated: August 16, 2019

# **TABLE OF CONTENTS**

I.   Introduction.................................................................................... 1

II.  Procedural History ......................................................................... 1

III. Questions Presented....................................................................... 1

IV.  Argument ....................................................................................... 2

     A.   Defendant Winnebago's renewed Motion for JMOL
           should be granted because the evidence does not support
           a breach of warranty ............................................................. 2

     B.   Defendant Winnebago's Motion for a new trial should
           be granted ............................................................................ 4

          i.   A new trial should be granted because the jury was
               improperly charged on agency/independent
               contractor law............................................................. 5

          ii.  A new trial is proper because erroneous evidentiary
               rulings are inconsistent with substantial justice....................... 7

               a.   Jury View of the subject Winnebago............................. 8

               b.   Plaintiffs' Social Media Postings ................................. 8

               c.   Exclusion of Thomas Bailey's Prior
                     Inconsistent Statements ................................. 9

               d.   A new trial is proper because the jury's award
                     "shocks the conscience" and is against the weight of
                     the evidence ................................................. 10

     C.   Defendant Winnebago's Motion for Remittitur should be
           granted because the jury's award is excessive and shocks
            the conscience...................................................................... 12

V.   Conclusion ................................................................................... 14

## <u>TABLE OF AUTHORITIES</u>

**Cases**

Ambrose v. Township of Robinson,
  303 F.3d 488 (3d. Cir. 2002) ................................................................................2

Bohler–Uddeholm Am., Inc. v. Ellwood Grp., Inc.,
  247 F.3d 79 (3d Cir.2001) ....................................................................................3

Chatlos Sys., Inc. v. Nat'l Cash Register Corp.,
  635 F.2d 1081 (3d Cir.1980) ..........................................................................9, 13

Edynak v. Atlantic Shipping, Inc.,
  562 F.2d 215 (3d. Cir. 1977) ...............................................................................13

Evans v. Port Authority of New York and New Jersey,
  273 F.3d 346 (3d. Cir. 2001) ...............................................................................11

Great Am. Ins. Co. v. Norwin Sch. Dist.
  544 F.3d 229 (3d Cir.2008) ..................................................................................3

Green v. Independent Oil Co.,
  414 Pa. 477, 201 A.2d. 207 (1964)....................................................................6, 7

Gumbs v. Pueblo International, Inc.,
  823 F.2d 768 (3d. Cir.  1987) ..............................................................................12

Kazan v. Wolinski,
  721 F.2d 911 (3d. Cir. 1983) .............................................................................. 13

Keystone Floor Products Co. v. Beattie Mfg. Co.,
  432 F. Supp. 869 (E.D. Pa. 1977)................................................................. 11, 13

Kripp v. Kripp,
  849 A.2d 1159 (Pa. 2004).....................................................................................3

Krizovensky v. Krizovensky,
  624 A.2d 638 (Pa. Super. 1993) ...........................................................................3

Linn v. United Plant Guard Workers, Local 114,
  383 U.S. 53 (1966) ..............................................................................................12

Masters v. Celina Mut. Ins. Co.,
  224 A.2d 774 (Pa. Super. 1966) ...........................................................................4

Maylie v. National R.R. Passenger Corp.,
  791 F. Supp. 477 (E.D. Pa.)..................................................................................4

Murray v. Fairbanks Morse,
   610 F.2d 149 (3d. Cir. 1979) ................................................................13

Myszkowski v. Penn Stroud Hotel, Inc.,
   430 Pa.Super. 315 (1993) ......................................................................6

Reynolds v. University of Pa.,
   684 F. Supp. 2d 621 (E.D. Pa. 2010)......................................................7

Roebuck v. Drexel University,
   852 F.2d 715 (3d. Cir. 1988) ...........................................................5, 11

Spence v. Board of Educ. Of Christina School District,
   806 F.2d 1198 (3d. Cir. 1986) .............................................................12

U.S. v. Bailey,
   123 F.3d. 1381 (11th. Cir. 1997) ...........................................................9

Univac Dental Co. v. Dentsply Intern, Inc.,
   268 F.R.D 190 (M.D. Pa. 2010) ..........................................................10

Walters v. Mintec/International,
   758 F.2d 73 (3d. Cir. 1985) ........................................................... 12, 13

Williamson v. Consolidated Rail Corp.,
   926 F.2d 1344 (3d Cir 1991) ...............................................................11

Woolums v. Nat'l RV,
   530 F. Supp. 2d 691 (M.D. Pa. 2008) ....................................................9

Wright v. Cacciutti,
   2015 WL 3654553 (M.D. Pa. June 11, 2015) ......................................12

**Other Authorities**

U.C.C. Section 2-719 ................................................................................9

**Rules**

Fed. R. Civ. P. 50 .....................................................................................1

Fed. R. Civ. P. 50(b) ................................................................................1

Fed. R. Civ. P. 50(c).................................................................................1

Fed. R. Civ. P. 59(a) .............................................................................1, 4

Fed. R. Civ. P. 59(e).................................................................................1

Fed. R. Evid. 401 .................................................................................8, 10

Fed. R. Evid. 402 .....................................................................................8

Fed. R. Evid. 609(b)..................................................................................................9

Fed. R. Evid. 613 .....................................................................................................7

## I.     INTRODUCTION

Pursuant to Federal Rules of Civil Procedure 50(b) and (c), 59(a), and 59(e), Defendant Winnebago Industries, Inc. ("Winnebago") submits this Brief in Support of its Motion for Judgment as a matter of law ("JMOL"); in the alternative, a New Trial; or in the alternative, an amendment/alteration or Remittitur of the jury's verdict.

## II.    PROCEDURAL HISTORY

This matter was tried before a jury of eight under claims of breach of warranty and violation of the Magnuson-Moss Warranty Act from July 15 through July 19, 2019.  During trial, Defendant Winnebago presented motions pursuant to Fed. R. Civ. P 50, as well as objections to agency/independent contractor jury charges, and multiple evidentiary motions, all of which were denied.  The jury found in favor of Plaintiffs and despite instructions on damages providing for either diminution in value or repurchase amounts, the jury disregarded same and awarded excessive compensatory damages in the amount of $500,000.   This motion for post-verdict relief follows.

## III.   QUESTIONS PRESENTED

A.    Should Winnebago be granted JMOL because there is insufficient evidence that the warranty was breached since Defendant never received a final factory repair attempt?

B.     Should Winnebago be granted a new trial based on: i) the plain error standard because the jury was improperly charged on agency/independent contractor law; ii) erroneous evidentiary rulings that are inconsistent with substantial justice; and iii) because the jury's award "shocks the conscience" and is against the weight of the evidence and the law as instructed by the Court?

C.     Should Defendant Winnebago's Motion for Remittitur be granted because the jury's award is grossly excessive and shocks the conscience?

**Suggested Answers to all Question Presented**: **Yes**.

## IV.   ARGUMENT

### A.     Defendant Winnebago's renewed Motion for JMOL should be granted because the evidence does not support a breach of warranty.

Defendant Winnebago renews the motion for JMOL made at the conclusion of Plaintiffs' case in chief and after submission of all evidence on the grounds that Plaintiffs cannot prove a breach of warranty given that Defendant Winnebago was never given a final repair opportunity pursuant to the terms of the warranty contract.   JMOL should be granted if "viewing the evidence in the light most favorable to the non-movant and giving it the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury reasonably could find liability."   Ambrose v. Township of Robinson, 303 F.3d 488, 492 (3d. Cir. 2002) (citations omitted).   This requires more than a scintilla of evidence.   Id.

The trial evidence was uncontroverted that the parties' rights and obligations were controlled by the warranty document which provides in pertinent part:

> **Factory repair**: If an authorized service center is unwilling or unable to make a warranty repair, Winnebago may request the owner to allow it an opportunity to make repairs at another authorized service center or at its Forest City, Iowa, factory. . . <u>Refusal to grant a Factory-repair request voids warranty coverage for that repair.</u>  (emphasis added).

Under Pennsylvania contract law, "the intent of the parties to a written contract is contained in the writing itself." <u>Bohler–Uddeholm Am., Inc. v. Ellwood Grp., Inc.</u>, 247 F.3d 79, 92 (3d Cir.2001) (citing <u>Krizovensky v. Krizovensky</u>, 624 A.2d 638, 642 (Pa. Super. 1993)). Unambiguous language is to be interpreted by the court.  <u>Kripp v. Kripp</u>, 849 A.2d 1159, 1163 (Pa. 2004). The Third Circuit has stated that, under Pennsylvania law, a contract "will be found ambiguous if, and only if, it is reasonably or fairly susceptible of different constructions and is capable of being understood in more senses than one and is obscure in meaning through indefiniteness of expression or has a double meaning.  A contract is not ambiguous **if the court can determine its meaning without any guide other than a knowledge of the simple facts on which, from the nature of the language in general, its meaning depends; and a contract is not rendered ambiguous by the mere fact that the parties do not agree on the proper construction.**" <u>Bohler–Uddeholm</u>, 247 F.3d at 93 (citations omitted)(emphasis added).  Contracts must be read to avoid ambiguities if possible.  <u>Great Am. Ins.</u>

3

Co. v. Norwin Sch. Dist., 544 F.3d 229, 247 (3d Cir.2008) citing Masters v. Celina

Mut. Ins. Co., 224 A.2d 774 (Pa. Super. 1966).

As the Plaintiffs' claims relate to defects alleged never to have been

corrected, and since the trial evidence was irrefutable that those repairs were never

presented for factory repair as requested by Winnebago witness, Michael

Muffoletto, Plaintiffs had no ripe warranty claims pursuant to the clear and

unambiguous warranty contract.   There is nothing ambiguous about the clause

where failure to provide an opportunity for the factory repair voids warranty

coverage.   Plaintiffs admitted they voluntarily refused factory repair, with the

evidence supporting it was done at the direction of their counsel.   Judgment as

matter of law was, and is, appropriate on behalf of Winnebago as the warranty

claims are not ripe until/unless the requested factory repair fails.

## B.    Defendant Winnebago's Motion for a new trial should be granted.

A new trial may be granted "for any reason for which a new trial has

heretofore been granted in an action at law in federal court."   See Federal Rule of

Civil Procedure 59(a).   Courts have granted motions for a new trial where (1)

"There is a significant error of law, to the prejudice of the moving party; (2) The

verdict is against the weight of the evidence; (3) The size of the verdict is against

the weight of the evidence; (4) Counsel engaged in improper conduct that had

prejudicial effect on the jury."   Maylie v. National R.R. Passenger Corp., 791 F.

Supp. 477, 480 (E.D. Pa.) *aff'd* 983 F.2d 1051 (3d. Cir. 1992).  The decision to order a new trial is within the discretion of the Trial Court.  Roebuck v. Drexel University, 852 F.2d 715, 735-36 (3d. Cir. 1988).  The scope of the Court's discretion depends on whether the motion alleges a prejudicial error of law or a verdict against the weight of the evidence.  Id.

> **i.    A new trial should be granted because the jury was improperly charged on agency/independent contractor law.**

The Court's jury charge as to agency/independent contractor law regarding the involvement of Camping World, a third party not in the lawsuit, was a significant error of law.  The specific contract language between the parties is unambiguous.

> **No responsibility for dealer statements or conduct: Although authorized to sell and to service Winnebago and Itasca brand motor homes under warranty, the dealer is an independent business.  Winnebago does not own or control and shall not be responsible for or bound by, representations, misrepresentations, or assurances, made by dealer personnel or be liable for a dealer's illegal, fraudulent, or unethical business conduct.  NO DEALER IS AUTHORIZED TO MODIFY THIS NVLW or MAKE A WARRANTY OR CREATE ANY OBLIGATION ON WINNEBAGO'S BEHALF.**

In addition to the clear contract language, there was unrefuted testimony from both Camping World employees and Winnebago's corporate designee that there is no agency or independent contractor relationship between Winnebago and Camping World.  The hallmark of an independent contractee- contractor

relationship is that the person engaged in the work has the exclusive control of the manner of performing it, being responsible only for the result.  Myszkowski v. Penn Stroud Hotel, Inc., 430 Pa.Super. 315, 319–322, 634 A.2d 622, 625–626 (1993)

However, where the "sole evidence of the relationship" between the worker and the company was the agreement, and the terms of the agreement were not in dispute, the determination of the relationship was a question of law for the court. Green v. Independent Oil Co., 414 Pa. 477, 484, 201 A.2d 207, 211 (1964).  Thus, under certain circumstances, the relationship, or the lack of one, can be determined by examining the documents alone.  Id.

Given the unrefuted testimony on this discrete issue as well as the warranty document's unambiguous language, it was a substantial error for the Court to even give a jury charge on agency/independent contractor when the issue should have been decided as a matter of law in favor of Winnebago. This error was compounded by the Court's failure to issue a specific interrogatory for the fact finder to find whether they found an agency/independent contractor relationship. In essence, the jury was not given the chance to answer this discrete question. Rather, the jury had no choice but to apply law believing Camping World had already been determined by the Court, as a matter of law, to be an

agent/independent contractor of Winnebago.  Thus, a significant error has occurred

and the motion for a new trial should be granted.

### ii.     A new trial is proper because erroneous evidentiary rulings are inconsistent with substantial justice.

Before and during trial, Winnebago sought evidentiary rulings to include the

following: (1) Production of the subject Winnebago for jury view; (2) Introduction

of Plaintiffs' social media postings; and (3) Impeachment of Plaintiffs' liability and

damages expert, Thomas Bailey, with prior inconsistent statements pursuant to

Federal Rule of Evidence 613.  When a motion for a new trial involves matters

within the Trial Court's discretion, such as evidentiary rulings, the Court has wide

latitude.  Reynolds v. University of Pa., 684 F. Supp. 2d 621, 627 (E.D. Pa. 2010)

aff'd 483 F. App'x 726, 729-30 (3d. Cir. 2012).  The Court asks: (1) whether an

error was committed; and, (2) if the error was so prejudicial that denial of a new

trial would be "inconsistent with substantial justice."  Id.  In Reynolds, the jury

returned a substantial award in favor of the student plaintiff.  However, the Court

granted a second trial because it acknowledged the exclusion of certain evidence

was erroneous and affected the substantial rights of the University defendant.  Id.

at 632-33.  Likewise, this Court should find errors in certain rulings affected

Defendant Winnebago's substantial justice rights to such a degree that a new trial

is now warranted.

### a.      Jury View Of The Subject Winnebago

Precluding the jury's view of the subject Winnebago compromised substantial justice.  Under Federal Rules of Evidence 401 and 402, evidence is "relevant" and generally admissible if it "tend[s] to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.  This evidence was vital to Winnebago's defense because a real time view was the best evidence of (1) the condition of the unit; (2) could rebut Plaintiffs' contentions that the living and usable space of the unit was marginalized; and, (3) supports the current condition of the unit does not create diminishment in value.  To fairly assess these contentions the jury should have been allowed to consider a view of the subject motorhome.  A new trial is required to cure this prejudice.

### b.      Plaintiffs' Social Media Postings

The exclusion of Plaintiffs' social media postings during cross-examination was contrary to substantial justice applications because it prevented valid impeachment evidence on Plaintiffs' contentions that the use of the unit was limited and constrained.  This precluded evidence would have shown Plaintiffs were able to engage in their cross-country trip, utilizing a substantial portion of the motorhome without issue.  This discretely contraindicated "time out of service" allegations of Plaintiffs' expert.  Thus, this evidence was specifically on point for a showing that

the warranty did not fail its essential purpose as Plaintiffs had substantial defect free use of the unit throughout their cross-country trip.   "When presented with the question whether an exclusive repair remedy fails of its essential purpose, courts generally have concluded that so long as the buyer has the use of substantially defect-free goods, the limited remedy should be given effect." Woolums v. Nat'l RV, 530 F. Supp. 2d 691, 700-01 (M.D. Pa. 2008) citing Chatlos Sys., Inc. v. Nat'l Cash Register Corp., 635 F.2d 1081, 1085 (3d Cir.1980)(applying New Jersey law but noting the same substantive adoption of U.C.C. Section 2-719 under Pennsylvania law).

### c.      Exclusion of Thomas Bailey's Prior Inconsistent Statements

Before trial, the Court granted Plaintiffs' motion in limine barring evidence of Plaintiffs' liability and damages expert, Thomas Bailey's felony conviction pursuant to Federal Rule of Evidence 609(b). See [Document 85]. However, during cross-examination Mr. Bailey affirmatively stated that he has never made an intentional misrepresentation of any prior appraisal opinions.   Mr. Bailey also affirmatively denied knowing the name "Charles Schaaf."  This testimony "opened the door" to exlore the expert's prior statement as it was contrary to the findings associated with Mr. Bailey's criminal conviction where it was shown this expert witness misrepresented the value of a Thompson submachine gun offered for sale to Mr. Schaaf.  See U.S. v. Bailey, 123 F.3d. 1381 (11th. Cir. 1997).  Winnebago

was denied the proper opportunity to impeach Mr. Bailey with a prior misrepresentation of the valuation statements and opinions. Defense counsel made a proper proffer at side bar on this discrete inquiry, while noting the criminality would be avoided; but, upon Plaintiffs' counsel's objections, the Court summarily denied Defendant's inquiry.

The Federal Rules of Evidence are "designed to broadly permit fact-finders to consider the pertinent factual information while searching for the truth." Univac Dental Co. v. Dentsply Intern, Inc., 268 F.R.D. 90, 196 (M.D. Pa. 2010). Federal Rule of Evidence 401 defines relevant evidence, as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Mr. Bailey was the sole expert/witness on behalf of the Plaintiffs to proffer diminution of value evidence. He specifically testified that the fact finder needed to rely on his "competency and integrity" before accepting his appraisal opinions. There is no greater insult to substantial justice than not permitting the jury to assess the expert's integrity surrounding prior inconsistent statements on valuation/appraisals. The resulting substantial injustice to Defendant Winnebago warrants a new trial.

### d.     A New Trial Is Proper Because The Jury's Award "Shocks The Conscience" And Is Against The Weight Of The Evidence

The jury's award of $500,000 in compensatory damages is contrary to the Court's charges on damages and shocks the conscience. A jury verdict may be

overturned on the basis that it is against the weight of the evidence when the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks the conscience. Williamson v. Consolidated Rail Corp., 926 F.2d 1344, 1353 (3d Cir. 1991). The Court should order a new trial where it finds "the verdict is contrary to the great weight of evidence, thus making it necessary to prevent a miscarriage of justice." Roebuck v. Drexel University, 852 F.2d 715, 736 (3d Cir. 1988). The standard is less stringent than that for JMOL, and "a new trial may be granted even when JMOL is inappropriate." Id. at 735. A new trial may also be warranted based upon a showing that the jury verdict resulted from passion or prejudice. Evans v. Port Authority of New York and New Jersey, 273 F.3d 346, 352 (3d. Cir. 2001). Passion and prejudice are clearly at work in the matter at bar when the award is four to five times the amount claimed.

Winnebago incorporates its argument set forth *supra* for JMOL and *infra* for remittitur with respect to the jury's excessive and unsupported compensatory damages award and note that "even when there is substantial evidence the Trial Judge may set aside a verdict for the reason that it is against the clear weight of the evidence, or that damages are excessive ..." See Keystone Floor Products Co. v. Beattie Mfg. Co., 432 F. Supp. 869, 877 (E.D. Pa. 1977) (citation omitted). Thus, even if the Court determines that a reasonable jury could have awarded

compensatory damages, it may (and should) still find this award against the clear weight of the evidence and order a new trial.

###    C.    Defendant Winnebago's Motion for Remittitur should be granted because the jury's award is excessive and shocks the conscience.

If the Court denies Defendant Winnebago's motion for JMOL and a new trial, its denial should be conditioned on remittitur of the jury's excessive damages award.   Remittitur is well-established as a device to be used when the trial judge finds that the decision of the jury is clearly unsupported and/or excessive.   Spence v. Board of Educ. Of Christina School District, 806 F.2d 1198, 1201 (3d. Cir. 1986).   "If the amount of the damages award is excessive, it is the duty of the trial judge to require a remittitur or a new trial."   Linn v. United Plant Guard Workers, Local 114, 383 U.S. 53, 65-66 (1966).   Accordingly, remittitur is appropriate here where the jury abandoned analysis for sympathy for a suffering plaintiff and treated an injury as though it were a winning lottery ticket."   Gumbs v. Pueblo International, Inc., 823 F.2d 768, 773 (3d. Cir.  1987).

"A district court should be alert to its responsibility to see that jury awards do not extend beyond all reasonable bounds where, in the case at issue, there was "no rational basis in the record for the amount of the jury's verdict and the award for damages was purely speculative."   Wright v. Cacciutti, 2015 WL 3654553 at *20 (M.D. Pa. June 11, 2015) quoting Walters v. Mintec/International, 758 F.2d 73 (3d. Cir. 1985).   As such, a new trial or remittitur is appropriate where "the verdict

is so grossly excessive as to shock the judicial conscience." Id. When an award is grossly excessive in relation to a plaintiff's damages, the award should not be permitted to stand. Id.

The District Judge is in the best position to evaluate the evidence presented and determine whether or not the jury has come to a rationally based conclusion. The rationalization for, and use of, remittitur is well-established as a device employed when the trial judge finds that a decision of the jury is clearly unsupported and/or excessive. Kazan v. Wolinski, 721 F.2d 911 (3d. Cir. 1983); Keystone Floor Products Co., Inc. v. Beattie Mfg. Co., 432 F. Supp. 869 (E.D. Pa. 1977). Remittitur clearly falls within the discretion of the trial judge; whose decision cannot be disturbed by the (circuit) court absent a manifest abuse of discretion. Murray v. Fairbanks Morse, 610 F.2d 149, 153 (3d. Cir. 1979); Edynak v. Atlantic Shipping, Inc., 562 F.2d 215, 226 (3d. Cir. 1977).

In this matter the jury was instructed that damages were either diminution in value and/or refund of the purchase price should they find the warranty failed its essential purpose. The evidence in the case suggests these amounts were either $100,634.31, as per the opinion of Plaintiffs' expert Tom Bailey, or $130,460.31 as per the purchase agreement.[1] Here, the jury's award of $500,000 in compensatory

---

[1] Defendant Winnebago properly and conspicuously limited incidental and consequential damages in its warranty contract. This limitation is valid even if the warranty is found to have failed its essential purpose. See Chatlos Systems Inc. v. National Cash Regist Corp, 635 F.2d 1081, 1089 (3d. Cir. 1980)(failure of an essential purpose does not defeat a consequential damages disclaimer unless unconscionable).

damages shocks the conscience.  In fact, it can only be interpreted as a punitive assessment which is not supported under a breach of warranty claim and the underlying facts and law of this case.  Remittitur is an appropriate remedy available to the trial court and it must be employed.

## V.   <u>CONCLUSION</u>

For the foregoing reasons, Defendant Winnebago's post-trial motion for JMOL, and/or new trial and/or remittitur should be granted in the forms proposed.

Respectfully submitted,

**PISANO LAW FIRM**

By:   /s/ Matthew T. Pisano
Matthew T. Pisano, Esquire
Attorney for Defendant
Winnebago Industries, Inc.

Date: August 16, 2019